# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| CARL WILLIAMS and SONIA WILLIAMS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-02566-TWP-MJD |
| ) | |
| INDIANAPOLIS METROPOLITAN POLICE ) | |
| DEPARTMENT, CITY OF INDIANAPOLIS, and ) | |
| CHRISTOPHER MILLS, Officer, Individually ) | 7/1/2019 |
| and in Capacity as a Sworn Officer employed by ) | |
| the Indianapolis Metropolitan Police Department, ) | |
| ) | |
| Defendants. ) | |

## ENTRY ON DEFENDANTS' PARTIAL MOTION TO DISMISS

This matter is before the Court on a Partial Motion to Dismiss filed by Defendants Indianapolis Metropolitan Police Department ("IMPD"), City of Indianapolis ("the City") and Officer Christopher Mills ("Officer Mills") (collectively, "Defendants") (Filing No. 11). After Officer Mills shot Plaintiff Carl Williams ("Mr. Williams"), he and his wife Sonia Williams ("Mrs. Williams") (collectively, "Plaintiffs") filed a civil action under 42 U.S.C. § 1983. The Complaint consists of four counts: Count I, excessive force in violation of the Fourth and Fourteenth Amendments against Officer Mills; Count II, excessive force in violation of the Fourth and Fourteenth Amendments against the City and IMPD; Count III, assault in violation of Indiana law against Officer Mills and the City; and Count IV, intentional infliction of emotional distress in violation of Indiana law against Officer Mills and the City. (Filing No. 1 at 6-13.) Defendants move to dismiss several claims with prejudice under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court **GRANTS** in part and **DENIES** in part Defendants' Partial Motion to Dismiss.

# I.    BACKGROUND

As required when reviewing a partial motion to dismiss, the Court accepts as true the factual allegations in the complaint and draws all inferences in favor of Plaintiffs as the non-moving party. *See Bielanski v. County of Kane*, 550 F. 3d 632, 633 (7th Cir. 2008).

On August 23, 2016, Plaintiffs were the owners and occupants of a residence located on Fox Tail Drive, Indianapolis, Indiana. (Filing No. 1 at 3.) Mrs. Williams was employed by the Carrier Corporation working a night shift. *Id*. During the early hours of August 23, 2016, after completing her shift at Carrier, Mrs. Williams traveled to her home, arriving a little after 4:00 a.m. *Id*. Upon arriving home, and exiting her vehicle, she was accosted by an individual armed with a long rifle. *Id*. She managed to escape the attacker and enter her home, waking her husband who had been asleep. *Id.*

After entering her home, the Plaintiffs called 911 reporting that Mrs. Williams had been assaulted in her driveway. *Id*. at 4. During the 911 call Plaintiffs provided a detailed description of the assailant. *Id.* They described the assailant as an 18 or 19-year-old, light complexioned African American male, tall, wearing a red shirt and red shoes. *Id*. Transcripts maintained by the City indicate that the description was broadcast to all IMPD units answering the 911 call. *Id.*

After making the call, Mr. Williams retrieved his Glock 27 semi-automatic pistol which he safely stored in his home for personal protection. *Id*. Mr. Williams is a short African American male with medium to dark brown complexion, who was not wearing shoes nor any red clothing and did not own or possess a long gun. *Id.* Mr. Williams was well acquainted with the safety and lawful operation of his handgun because of his training as a former military policeman and his service in the United States Air Force. *Id*.

As Mr. Williams exited his residence and walked through his lit garage, he did not see any movement in the driveway. *Id*. As he stood at the edge of his garage, where the end of the garage meets the driveway surface, he was shot at multiple times by someone later identified as Officer Mills. *Id.* at 5. Mr. Williams was struck by a bullet that came from Officer Mills' 40 caliber Glock semi-automatic handgun without prior verbal command or warning. *Id*. at 4-5. Mr. Williams could not see where the gunfire came from because Officer Mills was hidden in darkness, with a clear view of Mr. Williams and no exposure to danger himself. *Id*. at 5. After he was shot, Mr. Williams remained conscious and was able communicate that he was the homeowner who made the 911 call. *Id*. Officer Mills radioed for emergency personnel. Prior to shots being fired, there was no communication between the officers on the premises and Mr. Williams. *Id*. Mr. Williams had not made any threats, verbal or physical, to members of IMPD. *Id*. Mr. Williams also did not act in an aggressive manner towards members of IMPD. *Id*.

The Plaintiffs filed their Complaint stemming from these facts alleging excessive force in violation of the Fourth and Fourteenth Amendments. (Filing No. 1.) They allege that the conduct of the Defendants during their encounter was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and should be regarded as atrocious and utterly intolerable in a civilized community. (Filing No. 1 at 12.) Plaintiffs contend that the City is liable in its representative capacity for the intentional tort of assault and battery and the tort of intentional infliction of emotional distress, both under the theory of *respondeat superior*. *Id*. On October 18, 2018, The Defendants filed the instant Partial Motion to Dismiss certain claims. (Filing No. 11.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). When

deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Therefore, the court must determine whether the complaint contains sufficient factual matter, accepted as true to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The United States Supreme Court further explained that although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id*. *See Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III.  DISCUSSION

In their Partial Motion to Dismiss, Defendants ask the Court to dismiss with prejudice seven (7) claims of the Complaint arguing each claim fails as a matter of law. (Filing No. 11.) They contend the only claims that should remain for resolution at summary judgment or, if necessary, trial, are Mr. Williams' Fourth Amendment claim in Count I, his Fourth Amendment *Monell* Claim in Count II, his state law assault and battery claim in Count III, and Mrs. Williams' claim for loss of consortium under state law contained within Count III. *Id.* at 2. Defendants assert that all claims against IMPD fail because the Department is not a suable entity outside of

4

the Access to Public Records Act context. (Filing No. 12.) Mr. Williams' Fourteenth Amendment claims fail because binding precedent requires that they be decided under the Fourth Amendment, not the Fourteenth Amendment. *Id*. Plaintiffs' intentional infliction of emotional distress claims fail because such claims are barred by Indiana's Tort Claims Act. *Id*. As discussed below, Plaintiff's concede to the dismissal of some claims, and dispute the dismissal of others. The Court will address each argument below.

### A. Mrs. Williams' federal claims contained within Counts I and II and claim for assault and battery in Count III

Defendants argue the Complaint alleges facts that plausibly support some of Mr. Williams' federal claims; however, allegations about Officer Mills' alleged treatment of Mr. Williams do not support independent federal claims for Mrs. Williams. (Filing No. 12 at 4.) Defendants also note that under Indiana law, Mr. Williams has pleaded plausible facts that, if true, would support his claim for assault and battery; however, Mrs. Williams has not. *Id*. at 5.

In response, Plaintiffs concede that Mrs. Williams cannot bring a federal claim of action for the violation of another individual's (Mr. Williams) constitutional and/or statutory rights. (Filing No. 28.) Plaintiffs also concede that Mrs. Williams cannot bring a common law cause of action against the Defendants for assault and battery given that she does not allege any physical contact between herself and the Defendants. Accordingly, Mrs. Williams' claims for violation of constitutional rights in Counts I and II and her claims for assault and battery in Count III, Defendants' Partial Motion to Dismiss is **granted** as to these claims.

### B. All claims against the Indianapolis Metropolitan Police Department

*Monell v. Dep't of Soc. Servs*., 436 U.S. 658 (1978), held that municipalities may be sued as "persons" acting under color of state law under § 1983. The Seventh Circuit has stated that in the state of Indiana, municipal corporations have the capacity to sue and be sued. *Sow v. Fortville*

*Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Municipal corporations include cities, towns, townships, and counties – but not their individual divisions like a particular board, agency, or department. *Id*. Under Indiana law, a city's police department is not a municipal entity capable of suing or being sued. *See McAllister v. Town of Burns Harbor*, 693 F. Supp. 2d 815, 822 n.2 (N.D. Ind. 2010). Defendants argue that IMPD is not suable in this context because a city's police department is merely a vehicle through which the city government fulfills its policy functions and is not a proper party defendant.

Plaintiffs do not dispute that IMPD is not a suable entity. Therefore, Defendants' Partial Motion to Dismiss Plaintiffs' claim against IMPD is **granted**.

## C. Mr. Williams' Fourteenth Amendment Claims in Count I and II

To state a cause of action under § 1983, a plaintiff must allege that a person deprived him of a federally protected right and that the person who caused the deprivation acted under a color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).[1] Color of law is an appearance of legal power to act that may operate in violation of the law. *Id* at 50. The Seventh Circuit has stated that a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable to prevail on an excessive force claim. *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015).

Defendants argue that binding precedent requires the Court to reject Mr. Williams' Fourteenth Amendment claims. Defendants contend that Mr. Williams' claims require evaluation only under the Fourth Amendment citing *Graham v. Connor*, 490 U.S. 386 (1989), which held that in all claims that law enforcement officers used excessive force in the course of an arrest, investigatory stop, or a seizure should be analyzed under the Fourth Amendment's protection

---

[1] *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

against unreasonable searches and seizures, rather than under a substantive due process standard. Defendants further argue that the allegations brought in the Complaint explicitly claim that police officers used excessive or unnecessary force resulting in a seizure. Although they admit Mr. Williams has a Fourth Amendment claim, Defendants insist that such claim would be an improper substantive due process claim under the Fourteenth Amendment.

In response, Plaintiffs assert that the Fourth Amendment governs "seizures" of a person. (Filing No. 28 at 4.) They explain that in *Graham* and in *Williams v. Ind. State Police Dep't.*, 797 F. 3d 468 (7th Cir. 2015), the plaintiffs each brought suit against the officers pursuant to 42 U.S.C. § 1983, alleging that the officers used excessive force in violation of the Fourth Amendment when they effected the seizure. (Filing No. 28 at 4.) They argue in this case, "the question of whether Mr. Williams was a suspect is determined by reference to wholly subjective impressions of Officer Mills at the time of the shooting such that a Fourth Amendment analysis could possibly apply," thus, they should be able to plead their Fourth and Fourteenth Amendment claims in the alternative. *Id*. at 5.

Harm that is not inflicted during the course of an arrest or apprehension of a suspect is properly analyzed as a violation of substantive due process rights under the Fourteenth Amendment, not under the Fourth Amendment. *Ebeyer v. Rodriguez*, 909 F. Supp. 2d 1049, 1057 (S.D. Ind. 2012).[2] In this case, Mr. Williams did not fit the description of the suspect that was provided to the officers. Officer Mills did not identify himself as a police officer or direct Mr. Williams to put down his weapon. Under the Supreme Court's standard in *Kingsley*, 135 S. Ct. 2466 (2015), Mr. Williams is not considered to be a pretrial detainee. Officer Mills did not attempt to arrest or apprehend Mr. Williams, he simply shot him. Although it appears that Officer Mills

---

[2] See *Wragg v. Village of Thornton*, 604 F. 3d 464, 467 (7th Cir. 2010) (the Court analyzed alleged molestation committed in the defendant's capacity as a fire chief as a Fourteenth Amendment substantive due process claim).

initially conducted legal police work upon arriving to the scene, his lack of communication to Mr. Williams, as well as firing his weapon at Mr. Williams with no warning constitutes a violation of the law. At this stage of the proceedings--accepting the allegations in the Complaint as true--the Court cannot say that a Fourteenth Amendment claim is foreclosed. Therefore, the Defendants' Partial Motion to Dismiss in regard to Mr. Williams' Fourteenth Amendment claims in Count I and II is **denied**.

**D.      Plaintiffs' claim for Intentional Infliction of Emotional Distress**

Courts have long held that Indiana law bars claims for intentional infliction of emotional distress deriving from allegations that police officers used excessive force while exercising their duty to enforce the law. *Thompson v. City of Indianapolis*, 2017 WL 4365967, at *14 (S.D. Ind. Feb. 7, 2018). The Indiana Tort Claims Act provides immunity to a governmental entity or an employee acting within the scope of the employee's employment if a loss results from the adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment. Ind. Code § 34-13-3-3(8).

Defendants argue that Officer Mills' actions plainly fall within the scope of his duties of enforcing the law and attempting to sanction violations of the law. (Filing No. 12 at 7.) According to the Defendants, the Plaintiffs cannot plausibly claim that Officer Mills was doing anything other than acting within the scope of his employment as a police officer. *Id.* Defendants state that the Court need not even reach the issue because the Complaint explicitly alleges that the City is liable under *respondeat superior* which can only be incurred if the agent is acting within the scope of his employment. *Id.* According to the Defendants, because the law enforcement immunity bars the claims for intentional infliction of emotional distress, this claim should be dismissed.

Plaintiffs argue that it would be improper for the Court to assume that Officer Mills was enforcing, or attempting to enforce, any law at the time he shot Mr. Williams. (Filing No. 28 at 6.) They further contend that the fact that an officer was acting in the "scope of his employment," as Officer Mills undisputedly was doing, does not automatically imply that he was engaged in law enforcement while performing a given act.

In order to determine whether Ind. Code § 34-13-3-3(8) provides immunity for a police officer, the Court must determine whether Officer Mills was acting within the scope of his employment when the injury to Mr. Williams occurred, and second, whether Officer Mills was engaged in the enforcement of a law at that time. The Complaint explicitly states Mrs. Williams was attacked soon after she arrived home from work. (Filing No. 1 at 3.) Plaintiffs called 911 in an effort to summon IMPD. *Id.* Officer Mills arrived soon after receiving the dispatch. He arrived with the goal of dispelling a dangerous person and keeping the city safe, therefore his actions were within the scope of employment.

"An employee's scope of employment consists of activities involving the pursuit of the governmental entity's purpose." *King v. Northeast Security*, 790 N.E.2d 474, 483 (Ind. 2003). It is clear that here IMPD's aim was to catch the person who the Plaintiffs described in their 911 call. Officer Mills was pursuing IMPD's goals by trying to neutralize a person who he thought was menacing the Plaintiffs' neighborhood.

The allegations made in the Complaint indicate that Officer Mills responded to the Plaintiffs' 911 call reporting an attack on Mrs. Williams. Officer Mills was acting within the scope of his employment because he attempted to restore safety to the situation in his capacity as a police officer. Because Officer Mills was attempting to enforce the law and acting within the scope of

9

his employment as a police officer, Ind. Code § 34-13-3-3(8) bars Plaintiffs' claims for intentional infliction of emotional distress against Officer Mills and the City.

Therefore, Defendants' Partial Motion to Dismiss in regard to Plaintiffs' claim for intentional infliction of emotional distress is **granted**.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part Defendants' Partial Motion to Dismiss ([Filing No. 11](#)).  It **DENIES** Defendants' Partial Motion to Dismiss Mr. Williams' Fourteenth Amendment claims in Counts I and II.  The Court **GRANTS** Defendants' Partial Motion to Dismiss all claims against IMPD and IMPD is removed as a Defendant in this action.  Plaintiffs' claim for Intentional Infliction of Emotional Distress in Count IV, Mrs. Williams' federal claims contained within Counts I and II and Mrs. Williams' claim for assault and battery in Count III are **dismissed with prejudice**.

The claims remaining are Mr. Williams' Fourth and Fourteenth Amendment claims in Count I, his *Monell* Claim in Count II, his state law assault and battery claim in Count III, and Mrs. Williams' claim for loss of consortium under state law contained within Count III.

**SO ORDERED.**

Date:  7/1/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jacob R. Cox
COX LAW OFFICE
jcox@coxlaw.com

Mary Beth Ramey
RAMEY & HAILEY
marybeth@rameyandhaileylaw.com

Richard D. Hailey
RAMEY & HAILEY
rich@rameyandhaileylaw.com

Anne Celeste Harrigan
OFFICE OF CORPORATION COUNSEL
anne.harrigan@indy.gov

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS, LLP
jfk@rucklaw.com

Edward J. Merchant
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS, LLP
ejm@rucklaw.com

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS, LLP
ard@rucklaw.com

Andrew J. Upchurch
OFFICE OF CORPORATION COUNSEL
andrew.upchurch@indy.gov